WRIGHT (HARTSHORN v.).   See Case No. 6,169.

WRIGHT (HEATH v.).   See Case No. 6,310.

WRIGHT v. HICKEY.   See Case No. 18,083.

---

## Case No. 18,082.
### WRIGHT v. JOHNSON.

[8 Blatchf. 150;[1] 4 N. B. R. 626.]

Circuit Court, N. D. New York. Jan. 17. 1871.

BANKRUPTCY — SUIT BY ASSIGNEE — SUFFICIENCY OF DECLARATION.

1. Where an assignee in bankruptcy, in the declaration in an action of trover brought by him, undertakes to set out in detail the manner in which he claims to have become the owner of the property which is the subject of the suit, by alleging the proceedings in bankruptcy, he must allege an adjudication of bankruptcy, or his declaration will be held bad, in substance, on demurrer.

2. An adjudication of bankruptcy is an essential prerequisite and precedent condition of the power of the register, under section 14 of the bankruptcy act of March 2, 1867 (14 Stat. 522), to make an assignment of the estate of the bankrupt to an assignee.

[Cited in Hampton v. Rouse, 22 Wall. (89 U. S.) 276.]

[Cited in Roberts v. Shroyer, 68 Ind. 67.]

[This was an action by Isaac H. Wright, assignee in bankruptcy of Lyman K. Hitchcock and Samuel K. Place, against James Johnson.]

Starbuck & Sawyer, for plaintiff.
Bernard Bagley, for defendant.

WOODRUFF, Circuit Judge. The action herein is trover. It is brought to a hearing upon certain demurrers of the defendant to some of the plaintiff's replications to the defendant's special pleas, and upon demurrers of the plaintiff to some of the defendant's rejoinders to other replications of the plaintiff.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

These pleadings and demurrers, and the particulars thereof, it is not necessary to notice further or to express any opinion thereon.

The plaintiff correctly insists, that, "as a settled rule of pleading, judgment on demurrer will pass against the party guilty of the first error in substance." This rule is fatal to him, in the present case. He has seen fit to set out in detail the manner in which he claims to have become the owner of the property for the conversion of which the action is brought. I express no opinion upon the question whether it was necessary that he should do so, or on the question whether, if he attempted to allege the proceedings in bankruptcy, he should have stated the contents of the petition to the district court, or of the schedule and inventory annexed thereto, with greater particularity. Not being advised to aver property in the goods generally, and rely thereon, he alleges the presentation of a petition by Hitchcock and Place, with schedule and inventory, (with so much of particularity as the pleader deemed necessary,) and then avers the issuing of a warrant by a register in bankruptcy, notice to creditors, a meeting of creditors, the choice of the plaintiff as assignee, and the execution, by the register in bankruptcy, of an assignment of the property of Hitchcock and Place to him as such assignee. It is not averred that Hitchcock and Place have been adjudged bankrupt.

I am not called upon to deny, that the jurisdiction of the district court in bankruptcy is general over that subject, so that, (when it is necessary to state and rely upon its proceedings,) after the allegation of such facts as give to that court jurisdiction of the parties, it is sufficient to allege, taliter processum fuit, as to all intermediate steps; down to the particular act of the court which it is material to aver. But, if the plaintiff undertakes to set out the proceedings to sustain the act of the register in making an assignment of the property of other persons to the plaintiff, he must state such proceedings as authorized the assignment. Here, the plaintiff makes title, not by transfer from the former owners, Hitchcock and Place, but by a transfer made to him by a register in bankruptcy, without averring that Hitchcock and Place have ever been adjudged bankrupt. Section 11 of the bankrupt law provides, that the filing of the described petition, schedule and inventory shall be an act of bankruptcy, and that the petitioner shall be adjudged a bankrupt. Then, and not until then, the warrant issues, notice to creditors is given, an assignee is chosen and qualified, and, when there is no opposing interest, the register, by section 14, is authorized and directed to assign the estate, real and personal, of the bankrupt, to the assignee.

I am of opinion, that the adjudication that the petitioners are bankrupt, is an essential prerequisite and precedent condition of the power of the register to make any such assignment. True, the filing of the petition is an act of bankruptcy, but the adjudication is the judicial ascertainment and declaration of the fact, that

the petitioners are legally bankrupt, upon which 'all the subsequent proceedings are founded. It is the act by which the court takes hold of the subject-matter, applies to it its jurisdiction, and gives legal effect to what the statute declares to be an act of bankruptcy. Until that adjudication, I perceive no doubt that the petitioner may withdraw his application, and nothing further be done therein, as a voluntary application.

The plaintiff's endeavor herein to show actual ownership of the goods by setting out the proceedings on which he relies to establish title, therefore, fails. If he choose to set out the manner in which he acquired title, his declaration should show that the proceedings are such as make the transfer to him legal and valid. Judgment must, therefore, be ordered for the defendant, but with leave to the plaintiff to amend his declaration, on the usual terms.